## RIHA et al. v. OSTERRITTER et ux.

### No. 9081.

Court of Civil Appeals of Texas. San Antonio.

May 24, 1933.

Rehearing Denied July 1, 1933.

John H. Mitchell, of La Feria, and L. J. Polk, of Pharr, for appellants.

S. N. McWhorter, of Weslaco, for appellees.

MURRAY, Justice.

Appellees, John Osterritter and wife, as plaintiffs below, instituted this suit in the Ninety-third district court of Hidalgo county, seeking the cancellation of vendor's lien notes aggregating the principal sum of $10,-750. Appellees alleged that said notes had been obtained by the fraudulent conduct of appellants, George C. Riha and Dan Forbes, defendants below, and that said notes were void and of no effect.

E. F. Board owned 11.36 acres of land in Hidalgo county and George S. Hollister owned 10 acres, the two tracts making 21.36 acres. Appellants were real estate men and secured a contract of purchase of these 21.36 acres of land from said Board and Hollister, agreeing to pay therefor $21,500, and did pay $500 of the purchase price, and planted sev-

eral acres of young citrus trees on the land. This contract of purchase was executed in 1930. In 1931 appellees came to the Rio Grande Valley from Chicago and ultimately decided to join appellants in the purchase of this land. Appellants were to negotiate the purchase. Appellees were defrauded in that they were led to believe that the purchase price which they and their coadventurers were to pay for the land was $31,500. Appellees were further led to believe that there was to be a cash payment of $21,500 made when as a matter of fact only $10,000 cash was to be paid. Appellees paid $10,750 cash and signed a note jointly with appellants for $10,000 as balance of the consideration. Appellants had a secret arrangement with the sellers whereby the deed was to falsely state the consideration to be $31,500.

Afterwards, on February 26, 1931, appellees purchased from appellants their one-half of the land, executing in this connection their six notes in the aggregate sum of $10,750, payable to appellants. In this suit appellees seek the cancellation of these notes, and appellants ask judgment on the same.

Shortly after all of these transactions appellees received word that appellants had made a profit of $10,000 on this deal. Mr. Osterritter complained to appellants about this matter and appellants denied that they had made such a large profit. This finally led to a compromise agreement whereby Riha agreed to discount notes for $2,600 and Forbes to discount his notes for the sum of $2,500. Later this compromise agreement was repudiated by appellees and this suit instituted to cancel all notes held by Riha and Forbes.

The trial was begun before a jury but later both sides having asked for an instructed verdict the trial court discharged the jury and rendered judgment for appellees canceling and holding as void the notes so held by Riha and Forbes.

The trial court, as disclosed by his finding of facts and conclusions of law, proceeded upon the theory that this was an illegal and void transaction. We do not agree with this contention. It is clear that a fraud was perpetrated upon appellees and appellees could have, if they desired upon the discovery of the fraud, repudiated the entire transaction. This they did not attempt to do, but on the contrary retained possession of the land and only attempted to have the notes held by Riha and Forbes canceled. This contract was not an illegal contract but only a voidable contract. Being a voidable contract appellees could only rescind same by offering to make restitution. Appellants had paid $500 on the purchase contract. They had also planted trees upon the land. Appellees did not attempt to make restitution. Even a party who has perpetrated a fraud is

entitled to restitution. R. C. L. Vol. 27, p. 653, § 414; Black on Rescission and Cancellation, § 672.

There is no reason why the compromise agreement was not binding. Appellees had been informed of the fraud which had been perpetrated upon them. It is true they contend they did not have all the information in regard to the fraud. They did not know the extent of the fraud but nevertheless with knowledge of the fraud they entered into a compromise agreement and there is no reason why they could not enter into such an agreement. Having been informed of the fraud they made no attempt to repudiate the entire transaction. They have never offered restitution to appellants, but seek to retain possession of the land and cancel a part of the notes given by them as vendor's lien notes. This they cannot do. The compromise agreement should have been enforced.

The judgment of the trial court is reversed and judgment here rendered for appellants in accordance with the compromise agreement made on December 12, 1931.

Reversed and rendered.

## On Motion for Rehearing.

We sustain appellees' contention made in their motion for a rehearing to the effect that, appellants having paid the $500 and planted the fruit trees under the contract of purchase dated September 30, 1930, and not under the contract dated February 7, 1931, it was not necessary for appellees to make offer of restitution of these items before they could seek cancellation.

We, however, adhere to our holding, that the original purchase of the land was not an illegal contract. In the first place John Osterritter, while he was on the witness stand, admitted that he supposed, at the time of his purchase of the land, that his coadventurers were making a commission on the deal. This being true, he had knowledge that his coadventurers had an interest in the deal which was antagonistic to his interest. This fact alone is sufficient to take the purchase of the land out of the category of illegal contracts. Because, for a contract of this nature to be an illegal contract the fiduciary must have a private interest in the contract which is undisclosed and unknown to his coadventurer or principal.

In the second place, the notes which are the subject-matter of this suit were not executed in the purchase of the land by the coadventurers but in the deal when appellants sold their interest in the land to appellees. However, appellees' contention is, that the original deal being illegal this subsequent deal is also illegal. We do not agree with this contention—there was no betrayal of trust in this deal. If appellees had been betrayed, it was in the first deal.

The general rule is that where a contract is illegal and void it is unenforceable when executory and when executed no relief is awarded either party. Appellees are the ones that come into court seeking relief. If the contract be treated as strictly illegal, then no relief would, as a general rule, be awarded to either party. To illustrate this idea, if a controversy had arisen between Board and Forbes on the one hand, and appellants on the other hand, as to this deal, if same is to be considered as an illegal contract, the doors of the court would have been closed to them because each was equally guilty of the fraud. Appellants, in pretending to pay their part of the cash consideration, and Board and Forbes in pretending to receive same. But the situation is different with appellees, they were innocent of any false provisions in the contract or deeds and had no knowledge of same save and except they presumed that appellants were making a commission, thus the door of the court would not be closed to appellees, but would be open to them to come in and seek an injunction preventing appellants from placing these notes in the hands of innocent purchasers and to seek the cancellation of same. However, when appellees thus came into court they are treating the contract not as illegal but only as voidable, and can only ask for rescission by abiding by the rule of equity, which requires that he who seeks equity must do equity.

It follows that the transaction whereby appellee John Osterritter bought out appellants' interest in the land was a voidable and not a void transaction, and one which might properly and legally be compromised by the parties. John Osterritter, after discovering the fraud, having entered into a compromise agreement with appellants is bound thereby.

This case seems to be almost on all fours with the case of Garrison v. Bowman (Tex. Civ. App.) 183 S. W. 70. The court in that case held that the appellants, who retained the land after the discovery of the fraud, were not entitled to rescission but could only sue for damages. In the case at bar appellees having retained the land and made no effort to cancel or rescind the original deal whereby Osterritter was deeded the land, could only sue appellants for damages. Having entered into a compromise as to those damages, appellees were bound by the compromise agreement.

Appellees' motion for a rehearing is overruled.