John F. BOEGNER et al., Appellants,

v.

Elias OLIVARES, Appellee.

No. 14630.

Court of Civil Appeals of Texas.

San Antonio.

April 24, 1968.

Rehearing Denied June 19, 1968.

Werner A. Gohmert, Alice, for appellants.

Lloyd, Lloyd, Dean & Ellzey, Alice, for appellee.

CADENA, Justice.

This case involves the rights of parties to a contract for the sale of land which all parties assert, for different reasons, should be cancelled. The judgment below cancelled the contract, awarded the purchaser, Elias Olivares, appellee here, restitution of the payments made by him, less the rental

value of the premises during the time that he held possession thereof, and awarded title to and possession of the land to the vendors, John F. Boegner and Allen P. Boegner, appellants, on their cross-action in trespass to try title.

The contract, dated November 30, 1960, called for an initial payment of $400.00 by appellee to appellants, with the remainder of the purchase price of $2,400.00 being payable in monthly installments. Appellee made the $400.00 payment, went into possession on November 30, 1960, and made the monthly payments required by the contract until July 30, 1964, at which date he had paid a total of $1,999.30. As a result of appellee's efforts to secure a loan, in order to pay the balance of the purchase price in full, it was discovered that the land in question was encumbered by a lien resulting from a judgment rendered against appellant John F. Boegner in favor of the United States of America in 1958 in the sum of $3,238.37. In September, 1964, appellee called the lien to the attention of John Boegner and demanded that the judgment be satisfied and a release of the judgment lien obtained. When the release was not forthcoming, appellee, on October 19, 1964, filed this suit asking that the contract be cancelled and that he recover the $1,999.30 paid by him to appellants under the contract. Appellee made no further payments after July 30, 1964, but he remained in possession of the land and, at the time of the trial on January 9, 1967, appellee was still in possession of the premises.

In addition to answering appellee's suit, appellants filed a cross-action in which they prayed that the contract be cancelled and that they be awarded title and possession, as well as damages, alleging that the reasonable rental value of the land was $50.00 per month.

The judgment of the trial court, after reciting that the contract was cancelled, awarded appellee recovery of the $1,999.30 paid by him under the contract, less $999.30

which the court found to be the reasonable rental value of the land for the period during which appellee had been in possession, and impressed a lien on the land in favor of appellee to secure payment of the balance of $1,000.00. In addition, the judgment decreed that title to the land was in appellants, and they were awarded possession of the premises. The judgment does not recite the basis for the court's declaration, or recognition of cancellation and termination of the contract. That is, we are not told whether such action was based on appellants' inability to convey the title agreed on, or on appellee's failure to make payments after July 30, 1964.

■■■ Appellants do not challenge the rule that where a vendor in an executory contract for the sale of land is unable to convey the title agreed on, the disappointed purchaser is entitled to restitution of the money paid by him under the contract. Anno: 134 A.L.R. 1064 (1942). But they question appellee's right to restitution in this case, calling our attention to the rule that where a purchaser had been placed in possession of land under an executory contract of sale he must, if he desires restitution, surrender possession of the land to the vendor within a reasonable time after discovery of the fact of the vendor's breach. 5 Corbin, Contracts, § 1115 (1964). The theory underlying this rule is that a purchaser cannot seek restitution, a remedy which presupposes the termination of the contract, and, at the same time, continue in possession of the land, since his right to possession depends upon the continued existence of the contract. Cf. Riha v. Osterritter, 61 S.W.2d 858 (Tex.Civ.App.— San Antonio 1933, writ ref'd).

■■■ However, as the case stands before us, no useful purpose would be served by a discussion of appellee's right to terminate the contract. As already pointed out, both appellants and appellee took the position that the contract had been terminated, and the trial court declared a cancellation of the contract without specifying the grounds

for such cancellation. It is possible that the trial court, while convinced that appellee, because of his retention of possession, could not take the position that the contract was terminated, held that, because of appellee's failure to continue making payments, the appellants were entitled to declare a termination of the contract. If the declaration of cancellation was, in fact, a recognition of the rights asserted by appellants, they are in no position to here urge that the contract remains in full force and effect.

■ There is a further obstacle which prevents appellants from asserting that the contract has not been terminated. That portion of the judgment below which awards appellants title to and possession of the land in question is entirely inconsistent with the continuation of appellee's rights under the contract. Appellants cannot claim the benefit of such judgment, which presupposes a termination of the contract, and still insist that, as far as appellee's rights are concerned, we must consider the contract in full force and effect.

■ Assuming, as we must, a termination of the contract, we turn to a consideration of the rights of the parties following such termination. If the termination of the contract was at appellants' behest, it is well settled that a vendor's right of recovery of the property upon the purchaser's default is subject to equities existing in favor of the purchaser. Whether a vendor who exercises his power to terminate an executory contract for the sale of land must return the purchase money paid depends upon the equities of each case. If it would be inequitable for such cancellation to take place without restoration of the money paid by the purchaser, then the money must be restored. Lipscomb v. Fuqua, 103 Tex. 585, 131 S.W. 1061, 1064 (1910).

■ In determining whether the purchaser is entitled to restitution, a court must consider all relevant factors, especially the all-important elements of the amount paid by the purchaser and the extent to which the vendor has been damaged. If it appears that the amount paid by the purchaser exceeds the injury suffered by the vendor, restitution of the purchase money paid will be allowed. De Leon v. Aldrete, 398 S.W.2d 160, 163 (Tex.Civ.App.—San Antonio 1965, writ ref'd n. r. e.). Here, appellants contended that their damages were to be measured by the reasonable rental value of the premises. The trial court concluded that the damages suffered by appellants totalled $999.30, or $1,000.00 less than the amount paid by appellee. Therefore, appellee was awarded $1,000.00.

■ However, we agree with appellants that, on the basis of the evidence presented to the trial court, the finding of a rental value of $999.30 is contrary to the great weight and preponderance of the evidence. At the time of the trial, appellee had been in possession of the land for some 74 months. In effect, by assessing appellants' damages at $999.30, the trial court assigned a rental value to the premises, including the improvements, which was only slightly in excess of $13.00 per month. While the evidence as to rental value presented by appellants was far from conclusive, and while we recognize that the trial court is not bound by the opinion evidence relating to value, we cannot, especially in the absence of controverting evidence by appellee, conclude that the low figure found by the trial court is justified. Nor can we, on the basis of the evidence presented, set a rental value and pretend that any other finding would be unreasonable. Under these circumstances, we must reverse the judgment below and remand the cause for a new trial.

■ Since the case must be tried anew, we shall consider the contention that in no event was appellee entitled to a judgment against appellant Allen P. Boegner. If, under the facts, appellee was entitled to

rescind because of the defect in title, then Allen P. Boegner, despite the fact that the defect in title resulted solely from a judgment against his co-vendor, John F. Boegner, is clearly in the position of being unable to convey the title agreed on. The breach was that of both vendors, and appellee's rights can be asserted against both.

If the cancellation of the contract was at the instance of appellants, then Allen Boegner manifestly is subject to the rules applicable where vendors seek cancellation of the contract.

The judgment of the trial court is reversed and the cause is remanded for a new trial.